# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

KRISTOPHER A. SCHWARTZ,

    Plaintiff,

v.

ART COOK, et al.,

    Defendants.

Case No. 15-cv-03347-BLF

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

On January 7, 2016, the Court heard oral argument on Defendant Bankers Trust Company of South Dakota's ("Bankers Trust" or "Defendant") Motion to Dismiss. ECF 35. The Court has considered the parties' briefing and oral argument. For the reasons stated on the record and below, Defendant's Motion to Dismiss is GRANTED with leave to amend.

Plaintiff fails to specify the precise actions that Bankers Trust, rather than the other defendants, took in his allegations. *See, e.g.,* Compl., ¶¶ 67-70. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff's complaint fails this standard[1] because the allegations of wrongdoing apply to "[a]ll of the Defendants—including Buckles-Smith, the Individual Defendants, [Bankers Trust] and John Doe Defendants." Compl. ¶ 69. Accordingly, the Court GRANTS the Motion to Dismiss

---

[1] The parties dispute whether the pleading standard of Rule 9(b) applies. Because the Court finds that the allegations do not meet the standards set forth in *Twombly* and *Iqbal*, it does not reach that issue.

1   with leave to amend. Plaintiff shall file his amended complaint on or before February 8, 2016.

2       At the hearing, Plaintiff noted that access to the Service Agreement would aid him in
3   making allegations with the requisite specificity. Bankers Trust objects to disclosing the
4   agreement due to confidentiality concerns. The Court DIRECTS the parties to meet and confer on
5   this issue, including the possibility of entering into a protective order.

6   **IT IS SO ORDERED.**

8   Dated: January 7, 2016

                                                            BETH LABSON FREEMAN
                                                            United States District Judge