James A. Bloom (admitted pro hac vice)
Juli E. Farris (CA Bar No. 141716)
KELLER ROHRBACK L.L.P.
1129 State Street, Suite 8
Santa Barbara, CA 93101
(805) 456-1496, Fax (805) 456-1497
jbloom@kellerrohrback.com
jfarris@kellerrohrback.com

E-Filed 1/28/16

Attorneys for Plaintiff Kristopher A. Schwartz

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

KRISTOPHER A. SCHWARTZ,

                                    Plaintiff,

        v.

ART COOK, ET AL.,

                                    Defendant.

No. 15-cv-03347

[PROPOSED] STIPULATED
PROTECTIVE ORDER
(Modified by Court)

Judge:  Beth Labson Freeman

1.      PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

this Stipulated Protective Order does not entitle them to file confidential information under seal;

STIPULATED PROTECTIVE ORDER

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.5      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6      Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8      House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9      Non-Party:  any natural person, partnership, corporation, association, or other legal

2

STIPULATED PROTECTIVE ORDER

1    entity not named as a Party to this action.

2         2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action

3    but are retained to represent or advise a party to this action and have appeared in this action on

4    behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

5         2.11    Party:  any party to this action, including all of its officers, directors, employees,

6    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

7         2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

8    Material in this action.

9         2.13    Professional Vendors:  persons or entities that provide litigation support services

10   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

11   storing, or retrieving data in any form or medium) and their employees and subcontractors.

12        2.14    Protected Material:  any Disclosure or Discovery Material that is designated as

13   "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

14        2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

15   Producing Party.

16   3.    SCOPE

17        The protections conferred by this Stipulation and Order cover not only Protected Material (as

18   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

19   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

20   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

21   However, the protections conferred by this Stipulation and Order do not cover the following

22   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

23   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

24   publication not involving a violation of this Order, including becoming part of the public record

25   through trial or otherwise; and (b) any information known to the Receiving Party prior to the

26   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

27

28                                          3
                                                 STIPULATED PROTECTIVE ORDER

1    information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

2    Protected Material at trial shall be governed by a separate agreement or order.

3    4.      DURATION

4           Even after final disposition of this litigation, the confidentiality obligations imposed by this

5    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

6    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

7    defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

8    and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

9    time limits for filing any motions or applications for extension of time pursuant to applicable law.

     For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce

10   5.      DESIGNATING PROTECTED MATERIAL    the terms of this order.

11          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or

12   Non-Party that designates information or items for protection under this Order must take care to

13   limit any such designation to specific material that qualifies under the appropriate standards. The

14   Designating Party must designate for protection only those parts of material, documents, items, or

15   oral or written communications that qualify – so that other portions of the material, documents,

16   items, or communications for which protection is not warranted are not swept unjustifiably within

17   the ambit of this Order.

18          Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

19   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

20   encumber or retard the case development process or to impose unnecessary expenses and burdens on

21   other parties) expose the Designating Party to sanctions.

22          If it comes to a Designating Party's attention that information or items that it designated for

23   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

24   that it is withdrawing the mistaken designation.

25          5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

26   (see, e.g., second paragraph of sections 5.2(a) and (d) below), or as otherwise stipulated or ordered,

27   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

28

4

STIPULATED PROTECTIVE ORDER

1   designated before the material is disclosed or produced.

2        Designation in conformity with this Order requires:

3        (a)  for information in documentary form (e.g., paper or electronic documents, but

4   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or

5   Producing Non-Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6   ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or

7   portions of the material on a page qualifies for protection, the Producing Party also must clearly

8   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

9        A Party or Non-Party that makes original documents or materials available for inspection

10   need not designate them for protection until after the inspecting Party has indicated which material it

11   would like copied and produced.  During the inspection and before the designation, all of the

12   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-

13   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

14   copied and produced, the Producing Party must determine which documents, or portions thereof,

15   qualify for protection under this Order. Then, before producing the specified documents, the

16   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

18   If only a portion or portions of the material on a page qualifies for protection, the Producing Party

19   also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

20   margins).

21        For documents or materials available for inspection by a Producing Non-Party, the provisions

22   in section 5.2(d), below, shall apply.  In addition, information obtained through the inspection of

23   such documents or material from Non-Parties but which is not included in documents or material

24   copied and produced shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY", in accordance with the provisions of this Order.

26        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

27   Designating Party identify on the record, before the close of the deposition, hearing, or other

28                                         5

1    proceeding, all protected testimony.

2          Any party may also designate information disclosed at or during such depositions as

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by

4    notifying all of the parties in writing, within twenty-one (21) days of receipt of the transcript, of

5    the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL" or

6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" thereafter.  Each party shall attach

7    a copy of such written notice or notices to the face of the transcript and each copy in that party's

8    possession, custody or control.  All deposition transcripts shall be treated as "HIGHLY

9    CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of thirty (30) days after the

10   receipt of the transcript.

11            (c)  for information produced in some form other than documentary and for any other

12   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

13   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information

15   or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

16   portion(s).

17            (d)  for information, including documents, requested from a Non-Party pursuant to

18   subpoena or at deposition, the Non-Party shall be provided with a copy of this Protective Order

19   along with the Subpoena, or as soon thereafter as possible.

20         Any Party may also designate documents produced by Non-Parties pursuant to Subpoena

21   or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22   ONLY" by notifying all of the parties in writing, within twenty-one (21) days of receipt of the

23   documents, of the specific information or documents that should be treated as "CONFIDENTIAL"

24   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" thereafter.  Each party shall so

25   mark, to the extent possible, the documents as "CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL – ATTORNEYS' EYES ONLY" and treat them in accordance with the

27   provisions of this Order.  All documents produced by Non-Parties pursuant to a subpoena or at

28                                              6
                                    STIPULATED PROTECTIVE ORDER

1    deposition shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"'" for

2    a period of thirty (30) days after the receipt of the document or information or for thirty (30) days

3    after the documents or information is provided to all Parties, whichever is later. The Party who

4    served the subpoena shall mark all documents produced by Non-Parties pursuant to subpoenas as

5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before

6    circulating such documents to other Parties.

7          Reservation.  Certain Parties to this action suspect that Non-Parties may be in possession of

8    documents or information protected by the attorney-client privilege, attorney work product doctrine,

9    or privacy rights, and that such privileged or protected information may be disclosed in response to a

10   subpoena.  The Parties that so suspect assert a right to confer with Non-Party subpoena recipients

11   prior to production of documents and information in response to any subpoena and to review

12   documents that would be produced prior to production to the Party that issued the subpoena, and

13   further seek entry of a protective order that would explicitly give them those rights.  The Parties have

14   conferred but have thus far been unable to resolve their disputes regarding the circumstances under

15   which those rights would be appropriate, and in particular, the Parties have disagreed as to the level

16   of detail that the Party asserting such rights would need to provide regarding the basis for their belief

17   that the Non-Party was or could be in possession of such materials in a way that did not void any

18   otherwise applicable privilege, the length of time that a Party asserting such a right would be entitled

19   to review the documents prior to production, the disclosures that the Party asserting the rights would

20   be required to make about documents it  reviewed and, as applicable, withheld or requested be

21   withheld from production.  In an effort to facilitate production of documents amongst the Parties, the

22   Parties have agreed to reserve resolution of that dispute.  This Protective Order therefore does not

23   determine or alter in any way the rights of the Parties for pre-production correspondence with Non-

24   Parties regarding response to a subpoena or the rights of the Parties for pre-production review of

25   documents or information to be produced by Non-Parties in response to a subpoena.

26         5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

27   designate qualified information or items does not, standing alone, waive the Designating Party's

28

7

STIPULATED PROTECTIVE ORDER

1  right to secure protection under this Order for such material.  Upon timely correction of a

2  designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

3  accordance with the provisions of this Order.

4  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5      6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

6  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

7  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

8  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

9  confidentiality designation by electing not to mount a challenge promptly after the original

10  designation is disclosed.

11      6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

12  by providing written notice of each designation it is challenging and describing the basis for each

13  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

14  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

15  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

16  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

17  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

18  Party must explain the basis for its belief that the confidentiality designation was not proper and

19  must give the Designating Party an opportunity to review the designated material, to reconsider the

20  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

21  designation. A Challenging Party may ~~proceed to the next stage of the challenge process~~ seek judicial intervention with a Discovery Dispute Report only if it

22  has engaged in this meet and confer process first or establishes that the Designating Party is

23  unwilling to participate in the meet and confer process in a timely manner. The challenging party may serve notice of a challenge at any time for good cause, including a challenge to some or all of a deposition

24      6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court transcript. parties shall comply with the undersigned's Standing Order Re: Civil Discovery Disputes.

25  intervention, the ~~Designating Party shall file and serve a motion to retain confidentiality under Civil~~ Any Discovery Dispute Joint Report shall affirm compliance with both the terms of paragraph 6.2 in this

26  ~~Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the~~ protective order and subsequent compliance with the separate meet-and-confer requirements in the Standing

27  ~~initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process~~ Order Re: Civil Discovery Disputes.

28

STIPULATED PROTECTIVE ORDER

1   ~~will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a~~

2   ~~competent declaration affirming that the movant has complied with the meet and confer~~

3   ~~requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a~~

4   ~~motion including the required declaration within 21 days (or 14 days, if applicable) shall~~

5   ~~automatically waive the confidentiality designation for each challenged designation. In addition, the~~

6   ~~Challenging Party may file a motion challenging a confidentiality designation at any time if there is~~

7   ~~good cause for doing so, including a challenge to the designation of a deposition transcript or any~~
        Any Discovery Dispute Joint Report related
8   ~~portions thereof. Any motion brought pursuant~~ to this provision must be accompanied by a

9   competent declaration affirming that the movant has complied with the meet and confer

10  requirements imposed by the preceding paragraph.

11          The burden of persuasion in any such challenge proceeding shall be on the Designating

12  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

13  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.
    The Designating Party waives confidentiality if a confidentiality designation remains disputed for 4 weeks
14  ~~Unless the Designating Party has waived the confidentiality designation by failing to file a motion to~~
    without either party attempting to seek judicial intervention; otherwise,
15  ~~retain confidentiality as described above~~, all parties shall continue to afford the material in question

16  the level of protection to which it is entitled under the Producing Party's designation until the court

17  rules on the challenge.

18  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

19          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

20  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

21  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

22  the categories of persons and under the conditions described in this Order. When the litigation has

23  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

24  DISPOSITION).

25          Protected Material must be stored and maintained by a Receiving Party at a location and in a

26  secure manner that ensures that access is limited to the persons authorized under this Order.

27          7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

28                                                  9
                                                        STIPULATED PROTECTIVE ORDER

1  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

2  information or item designated "CONFIDENTIAL" only to:

3       (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

4  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

5  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

6  attached hereto as Exhibit A;

7       (b)  the officers, directors, and employees (including House Counsel) of the Receiving

8  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

9  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10       (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

11  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

12  to Be Bound" (Exhibit A);

13       (d)  the court and its personnel;

14       (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

15  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

16  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17       (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

18  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

19  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

20  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

21  bound by the court reporter and may not be disclosed to anyone except as permitted under this

22  Stipulated Protective Order.

23       (g)  the author or recipient of a document containing the information or a custodian or

24  other person who otherwise possessed or knew the information.

25      7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

27  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

28
          STIPULATED PROTECTIVE ORDER

CONFIDENTIAL – ATTORNEYS' EYES ONLY"  only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants,  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel[1] or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

---

[1] The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

11

STIPULATED PROTECTIVE ORDER

1    involved, or may become involved, in any competitive decision-making.[2]

2         (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

3    Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

4    information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

5    EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating

6    Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

7    EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2)

8    set forth the full name of the Expert and the city and state of his or her primary residence, (3)

9    attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

10   identifies each person or entity from whom the Expert has received compensation or funding for

11   work in his or her areas of expertise or to whom the expert has provided professional services,

12   including in connection with a litigation, at any time during the preceding five years,[3] and (6)

13   identifies (by name and number of the case, filing date, and location of court) any litigation in

14   connection with which the Expert has offered expert testimony, including through a declaration,

15   report, or testimony at a deposition or trial, during the preceding five years.

16        (b) A Party that makes a request and provides the information specified in the

17   preceding respective paragraphs may disclose the subject Protected Material to the identified

18   Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

19   receives a written objection from the Designating Party. Any such objection must set forth in

20   detail the grounds on which it is based.

21        (c) A Party that receives a timely written objection must meet and confer with the

22

23   _____

24   [2] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final

25   disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

26   [3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed

27   without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

28
                     STIPULATED PROTECTIVE ORDER

1  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

2  agreement within seven days of the written objection. If no agreement is reached, the Party

3  seeking to make the disclosure to Designated House Counsel or the Expert may ~~file a motion as~~ subsequently pursue the distinct dispute resolution process required by the undersigned's Standing Order.  Any Discovery Dispute

4  ~~provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)~~ Report that seeks permission from the court to disclose highly confidential information

5  ~~seeking permission from the court to do so. Any such motion~~ must describe the circumstances

6  with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

7  the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

8  suggest any additional means that could be used to reduce that risk. In addition, any such ~~motion~~ Dispute Report

9  must be accompanied by a competent declaration describing the parties' efforts to ~~resolve the~~ comply with the procedural requirements of this order and the Standing Order

10  ~~matter by agreement (i.e., the extent and the content of the meet and confer discussions)~~ and

11  setting forth the reasons advanced by the Designating Party for its refusal to approve the

12  disclosure.

13      In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

14  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

15  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

16  Material to its Designated House Counsel or Expert.

17  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

18          LITIGATION

19      If a Party is served with a subpoena or a court order issued in other litigation that compels

20  disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

22      (a)  promptly notify in writing the Designating Party. Such notification shall include a

23  copy of the subpoena or court order;

24      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

25  other litigation that some or all of the material covered by the subpoena or order is subject to this

26  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

27      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

28

13

STIPULATED PROTECTIVE ORDER

1   Designating Party whose Protected Material may be affected.

2   If the Designating Party timely seeks a protective order, the Party served with the subpoena

3   or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court

5   where enforcement is sought, see Fed. R. Civ. P. 45(d)(3)(a), from which the subpoena or order issued, unless the Party has obtained the Designating Party's

6   permission. The Designating Party shall bear the burden and expense of seeking protection in that

7   court of its confidential material – and nothing in these provisions should be construed as

8   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

9   another court.

10   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

11           LITIGATION

12   (a)  The terms of this Order are applicable to information produced by a Non-Party in this

13   action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14   EYES ONLY." Such information produced by Non-Parties in connection with this litigation is

15   protected by the remedies and relief provided by this Order. Nothing in these provisions should be

16   construed as prohibiting a Non-Party from seeking additional protections.

17   (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

18   Party's confidential information in its possession, and the Party is subject to an agreement with the

19   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

20   (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

21   all of the information requested is subject to a confidentiality agreement with a Non-Party;

22   (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

23   this litigation, the relevant discovery request(s), and a reasonably specific description of the

24   information requested; and

25   (3)  make the information requested available for inspection by the Non-Party.

26   (c)  If the Non-Party fails to object or seek a protective order from this court, or otherwise

27   reaches an agreement with all Parties within 14 days of receiving the notice and accompanying

28

14

STIPULATED PROTECTIVE ORDER

1  information, the Receiving Party may produce the Non-Party's confidential information responsive

2  to the discovery request.  If the Non-Party timely seeks a protective order or otherwise reaches an

3  agreement with all Parties, the Receiving Party shall not produce any information in its possession or

4  control that is subject to the confidentiality agreement with the Non-Party before a determination by

5  the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

6  seeking protection in this court of its Protected Material.

7  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

10  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

11  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

12  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

13  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

14  Be Bound" that is attached hereto as Exhibit A.

15  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

16       MATERIAL

17       (a) When a Producing Party gives notice to Receiving Parties that certain inadvertently

18  produced material is subject to a claim of privilege or other protection or that certain material

19  produced by a Non-Party is subject to a claim of privilege or other protection, the obligations of the

20  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision

21  is not intended to modify whatever procedure may be established in an e-discovery order that

22  provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d)

23  and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

24  information covered by the attorney-client privilege, work product protection or other privilege or

25  protection, the parties may incorporate their agreement in the stipulated protective order submitted to

26  the court.

27       (b) A Party may give notice pursuant to Rule 26(b)(5)(B) that another Party or Non-Party

28

15

STIPULATED PROTECTIVE ORDER

1  has produced material that the Party believes is protected by a claim of privilege or other

2  protection.  If a Party gives such a notice, the obligations of all parties who received the material

3  subject to the notice shall be subject to the provisions of Rule 26(b)(5)(B) to the same extent as if

4  the material had been produced by the Party giving the notice.  For these purposes, the fact that

5  the material was produced by such other Party or Non-Party shall not, in and of itself, operate as a

6  waiver of such privilege or other protection.

7  12.    MISCELLANEOUS

8       12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

9  its modification by the court in the future.

10      12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

11  no Party waives any right it otherwise would have to object to disclosing or producing any

12  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

13  Party waives any right to object on any ground to use in evidence of any of the material covered by

14  this Protective Order.

15      12.3    Filing Protected Material. Without written permission from the Designating Party or a

16  court order secured after appropriate notice to all interested persons, a Party may not file in the

17  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

18  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

19  pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

20  to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

21  Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

22  protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

23  to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information

24  in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

25      12.4    By executing this Stipulation and Order, the signatories below in no way waive any

26  arguments they may have that the Northern District of California is not the proper venue for this

27  action or any part of it.

28
                                          16
                                   STIPULATED PROTECTIVE ORDER

13.     FINAL DISPOSITION

Within 90 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Electronically stored Protected Material will be deemed destroyed if, within the 90 day period, the Receiving Party has taken steps to ensure that the data destruction policy for the backup media will result in the eventual destruction or overwriting of the electronically stored information.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. All discovery and disclosure disputes are subject to the undersigned's Standing Order Re: Civil

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.     Discovery Disputes.

DATED: January 26, 2016                     /s/ *James A. Bloom*
                                            Attorney for Plaintiff Kristopher A. Schwartz


DATED: January 26, 2016                     /s/ *Lauren M. Michals*
                                            Attorneys for Defendants Buckles-Smith Electric
                                            Company, Art Cook, Roger Stanger, and Ronald
                                            Zimmerman

17
STIPULATED PROTECTIVE ORDER

1

2   DATED: January 26, 2016                      /s/ *R. Bradford Huss*
                                                Attorneys for Bankers Trust Company of South
3                                               Dakota

4

5
    I attest that I have obtained concurrence in the filing of this document from each of the Signatories
6   listed above.

7   By:      /s/ James Bloom

8

9

10  PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12  DATED:    1/27/16
                                                United States District/Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          18
                                                    STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on January ____, 2016, in the case of *Schwartz v. Cook, et al.*5:15-cv-03347-BLF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

19

STIPULATED PROTECTIVE ORDER