UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISTOPHER A. SCHWARTZ,<br><br>    Plaintiff,<br><br>v.<br><br>ART COOK, et al.,<br><br>    Defendants. | Case No. 5:15-cv-03347-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AND DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 66, 85] |

Before the Court are the parties' administrative motions to file under seal portions of Plaintiff's First Amended Complaint ("FAC") and Defendant Bankers Trust Company of South Dakota's ("BTC")'s Motion to Dismiss, as well as exhibits attached thereto. ECF 66, 85. For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART and BTC's motion is DENIED without prejudice.

**I.    LEGAL STANDARD**

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal portions of documents: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions. *Id.* at 1179. Motions that are technically nondispositive may still require the party to meet the "compelling reasons" standard when the motion is more than tangentially related to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

To meet the "good cause standard," "a 'particularized showing' under the . . . standard of

Rule 26(c) will 'suffice.'" *Kamakana,* 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1135, 1138). Compelling reasons generally exist when the "'files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or where court files may serve "as sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S at 598-99. The compelling reasons standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

In this district, parties seeking to seal judicial records must follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). In addition, if a party seeks to file under seal a document designated as confidential by another party, the party must identify which portions of the document contain the designated confidential material and which party has designated the material as confidential. Civil L.R. 79-5(e). Within four days, the designating party must file a declaration establishing that all of the designated material is sealable. Civil L.R. 79-5(e)(1).

## II. DISCUSSION

Plaintiff and BTC seek to seal portions of their FAC and Motion to Dismiss, respectively, as well as exhibits attached thereto because the documents contain information designated as "Confidential" or "Highly-Confidential—Attorneys' Eyes Only" pursuant to the parties' protective order. *See* ECF 64, Protective Order.[1] Because the FAC and Motion to Dismiss are more than tangentially related to the merits of the case, the compelling reasons standard governs both sealing requests. *See, e.g., In re NVIDIA Corp. Derivative Litig.,* No. 06–cv–06110–SBA, 2008 WL 1859067, at *3–4 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, *per se*, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by

---

[1] BTC and Defendants Art Cook, Roger Stanger, Ronald Zimmerman, and Buckles-Smith Electric Company ("Buckles-Smith Defendants") designated certain documents confidential, and the parties agreed to treat all documents produced by non-parties Menke & Associates, Inc. ("Menke") and Chartwell Financial Advisory, Inc. ("Chartwell") as "Highly Confidential—Attorneys' Eyes Only." Michals Decl. ¶ 4, ECF 71.

which a suit arises and must be disposed of").

### A. Plaintiff's Motion

Plaintiff seeks to seal portions of his FAC and exhibits attached thereto because Defendants and/or non-parties Menke and Chartwell designated the information contained therein confidential. Bloom Decl. ¶¶ 5-6, ECF 68. Pursuant to Civil Local Rule 79-5(e), BTC and the Buckles-Smith Defendants timely filed declarations to support filing certain exhibits to and portions of the FAC under seal. *See* Michals Decl., ECF 71; Garrett Decl, ECF 72-1.

#### 1. Buckles-Smith Declaration

In a detailed declaration, the Buckles-Smith Defendants state that the material they support filing under seal[2] contains information about their business performance, structure, and finances that could be used to gain unfair business advantage against them. *Id.* ¶ 8. They also state that some of the material contains personal information regarding the finances of Buckles-Smith employees and shareholders. *Id.* ¶ 10. The Buckles-Smith Defendants tie these reasons, which the Court finds compelling, to redactions that the Court finds to be narrowly tailored. Accordingly, the Court GRANTS Plaintiff's motion to file the following under seal:

| Document | Description | Order |
|---|---|---|
| Exhibit D to the FAC | Contains confidential and personal information regarding employee and shareholder finances related to the Buckles-Smith Defendants. | GRANTED. |
| Exhibit M to the FAC | Same as above. | GRANTED. |
| Exhibit O to the FAC | Same as above. | GRANTED. |
| Exhibit U to the FAC | Contains confidential commercial business information in regards to business performance, as well as confidential and personal information regarding employee and shareholder finances related to the Buckles-Smith Defendants | GRANTED. |
| FAC ¶ 31 | Contains confidential and personal information regarding employee and | GRANTED. |

---

[2] Specifically, the Buckles-Smith Defendants support sealing Exhibits D, M, O, and U to the FAC and FAC ¶¶ 31, 60, 123(D) (in part), 135-138, 156, 158-160, 165(C), 167, 168 (A), (C), and (D), 175 (in part), 177-178, 179 (in part), 180 (in part), 181, 182 (in part), 183-184, 231 (A), 235 (in part), 236 (in part), 249 (A), and 260 (A) and (B).

| | | |
|---|---|---|
| | shareholder finances related to the Buckles-Smith Defendants. | |
| FAC ¶ 60 | Same as above. | GRANTED. |
| FAC ¶ 123(D) | Part of ¶ 123(D) between "updated value as of June 16, 2014," and "based upon the valuation" contains confidential financial and commercial business information related to the Buckles-Smith Defendants. | GRANTED as to ¶ 123(D) between "updated value as of June 16, 2014," and "based upon the valuation" only; otherwise DENIED. |
| FAC ¶¶ 135–38 | Contains confidential business information regarding business performance related to the Buckles-Smith Defendants. | GRANTED. |
| FAC ¶¶ 156, 158-60 | ¶¶ 156, 158–60 contain confidential business information regarding business performance related to the Buckles-Smith Defendants. | GRANTED. |
| FAC ¶¶ 164–71 | ¶¶ 165(C), 168(D) contain confidential business information regarding business performance related to the Buckles-Smith Defendants; ¶ 167 contains confidential business information regarding business practices and finances related to the Buckles-Smith Defendants; ¶¶ 168(A), (C) contains confidential business information regarding business practices and employee compensation related to the Buckles-Smith Defendants. | GRANTED as to ¶¶ 165(C), 167, 168(A), 168(C), 168(D) only; otherwise DENIED. |
| FAC ¶ 175 | Last quoted phrase of ¶ 175 following "transfer of" contains confidential business information regarding company structure related to the Buckles-Smith Defendants. | GRANTED as to last quoted phrase of ¶ 175 following "transfer of" only; otherwise DENIED. |
| FAC ¶¶ 177–78 | ¶¶ 177–78 contain confidential business information regarding company structure and confidential personal information regarding employee and shareholder finances related to the Buckles-Smith Defendants | GRANTED as to ¶¶ 177–78 only; otherwise DENIED. |
| FAC ¶¶ 179–85 | Part of ¶ 179 following "had been reduced" contains confidential business information regarding company structure and confidential personal information regarding employee and shareholder finances related to the Buckles-Smith Defendants; part of ¶ 180 following "Chartwell appraisal and determined by BTC" contains confidential business information regarding company finances related to the Buckles-Smith Defendants; ¶ 181 contains confidential business information regarding company finances related to the Buckles-Smith Defendants; part of ¶ 182 following "stake in | GRANTED as to: (1) part of ¶ 179 following "had been reduced"; (2) part of ¶ 180 following "Chartwell appraisal and determined by BTC"; (3) ¶ 181; (4) part of ¶ 182 following "stake in the company fell"; and ¶¶ 183–84 only; otherwise DENIED. |

4

| | | |
|---|---|---|
| | the company fell" contains confidential business information regarding company structure and finances related to the Buckles-Smith Defendants; ¶¶ 183–84 contains confidential business information regarding company finances and performance related to the Buckles-Smith Defendants | |
| FAC ¶ 231 | ¶ 231(A) contains confidential business information related to company structure and finances, and contains confidential personal information regarding employee and shareholder finances related to the Buckles-Smith Defendants. | GRANTED as to ¶ 231(A) only; otherwise DENIED. |
| FAC ¶¶ 233–37 | Part of ¶ 235 following "shares of Buckles-Smith" and part of ¶ 236 following "value as of June 16, 2014" contain confidential business information regarding company finances related to the Buckles-Smith Defendants. | GRANTED as to: (1) part of ¶ 235 following "shares of Buckles-Smith"; and (2) part of ¶ 236 following "value as of June 16, 2014" only; otherwise DENIED. |
| FAC ¶¶ 249(A) | Part of ¶ 249(A) between "owned approximately" and "of Buckles-Smith's stock," and following "of Buckles-Smith's stock" contain confidential business information regarding company structure related to the Buckles-Smith Defendants. | GRANTED as to ¶ 249(A) between "owned approximately" and "of Buckles-Smith's stock," and following "of Buckles-Smith's stock" only; otherwise DENIED. |
| FAC ¶¶ 260(A)–(B) | Part of ¶ 260(A) following "fair market value of their shares in the Agreed Value Exhibits," and sentence in ¶ 260(B) between "¶¶ 165, 166 and 168" and "For these reasons" contain confidential business information regarding company finances and performance related to the Buckles-Smith Defendants. | GRANTED as to: (1) part of ¶ 260(A) after "fair market value of their shares in the Agreed Value Exhibits"; (2) ¶ 260(B) between "¶¶ 165, 166 and 168" and "For these reasons" only; otherwise DENIED. |

### 2. BTC Declaration

BTC supports filing Exhibits H and P to the FAC under seal. In its declaration, BTC explains that Exhibit H is a service agreement entered into by BTC and Buckles-Smith. Garrett Decl. ¶¶ 3, 6. BTC supports filing it under seal because, though BTC had produced to Plaintiff a version of the agreement with the fee information redacted, Plaintiff attached the unredacted version produced by Menke to his FAC. *Id.* ¶¶ 3, 6. Because BTC argues that disclosure of the fees would put it at a competitive disadvantage but provides no reason for sealing the rest of the exhibit, *see* BTC Response at 3-4; Garrett Decl. ¶ 6, the Court finds this request is not sufficiently

1  narrowly-tailored. Accordingly, the Court GRANTS Plaintiff's motion to file Exhibit H under seal
2  only with respect to § 8 and page numbered 9 (entitled "Fee Schedule").
3      BTC also argues that the first page of Exhibit P should be sealed. BTC Response at 4-5.
4  BTC explains that the first page is an email from BTC to Chartwell including advice from BTC's
5  counsel about reducing the risk of litigation. Garrett Decl. ¶ 6. BTC argues that this page should
6  be filed under seal because it contains legal advice shared between parties with a common interest.
7  *Id.; see also* BTC Response at 4-5. The Court finds this reason for sealing to be compelling.
8  Accordingly, the Court GRANTS Plaintiff's administrative motion to file Exhibit P under seal
9  only with respect to the email included in the exhibit's first page.

### 3. No Supporting Declaration

Because no party filed a declaration in support of sealing the following exhibits and portions of Plaintiff's FAC, the Court DENIES Plaintiff's motion to seal: Exhibits G, L, N, T, and V to the FAC and ¶¶ 31, 56-59, 61-63, 100-04, 106-09, 118, 123(C), 143-45, 150-55, 161-62, 172-173, 174, 176, 186-90, 204, 225-30, 243, 261(A), 262(B)-(C), and 264 of the FAC.

### B. BTC's Motion

The Court now turns to BTC's motion to file portions of its Motion to Dismiss and Exhibit 1 attached thereto under seal. BTC's Mot., ECF 85. BTC similarly argues that those materials contain information copied or extracted from discovery material designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" under the protective order. *Id*. at 2.

BTC's request is deficient in a number of ways. First, BTC filed an unredacted version of Exhibit 1, but failed to file an unredacted version of its Motion to Dismiss, as required by Civil Local Rule 79-5(d)(2). This precludes the Court from determining the merits of BTC's request for sealing portions of the Motion to Dismiss.

Second, though BTC submitted an accompanying declaration that identifies which party designated which materials as confidential, *see* Garrett Decl. ¶¶ 3, 4, ECF 85-1, the designating parties failed to file declarations establishing that the designated material is sealable. Instead, the parties filed a stipulation, agreeing that the material BTC seeks to file "must be filed under seal to maintain the confidentiality of such documents" but also that "they are in no way agreeing that any

United States District Court
Northern District of California

particular documents or information were appropriately designed as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY." Stipulation at 2, ECF 88. The parties provide no substantive reasons for sealing the designated material.

As noted above, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A); *see also MMCA Grp. Ltd.*, 2008 WL 5411340, at *1. Furthermore, sealing is a matter for court determination, not stipulation. *See* Civ. L.R. 79-5(b). Accordingly, the Court DENIES BTC's request to file portions of its Motion to Dismiss and Exhibit 1 thereto without prejudice.

### III. ORDER

For the foregoing reasons, Plaintiff's motion to seal is GRANTED in part and DENIED in part. Pursuant to Civil Local Rule 79-5(e)(2), Plaintiff must file the unredacted and lesser redacted documents no earlier than April 5, 2016 and no later than April 11, 2016.

In addition, BTC's motion to seal is DENIED without prejudice. BTC may submit an unredacted version of its Motion to Dismiss and the parties may submit additional declarations in support of BTC's sealing motion by no later than April 8, 2016, at which point the Court will reconsider the motion. If no additional declaration is submitted, BTC must file unredacted versions of its Motion to Dismiss and Exhibit 1 attached thereto by no later than April 14, 2016.

**IT IS SO ORDERED.**

Dated: April 4, 2016

_____
BETH LABSON FREEMAN
United States District Judge