UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KRISTOPHER A. SCHWARTZ,

                                    Plaintiff,

        v.

ART COOK, ET AL.,

                                    Defendant.

No. 15-cv-03347-BLF

**ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING A SETTLEMENT CLASS, APPROVING FORMS AND METHODS OF NOTICE, AND SETTING A FAIRNESS HEARING**

Judge:  Hon. Beth Labson Freeman

Complaint Filed: July 20, 2015
Trial Date: September 25, 2017

No. 15-cv-03347-BLF

ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING A SETTLEMENT CLASS, APPROVING FORMS AND METHODS OF NOTICE, AND SETTING A FAIRNESS HEARING

1    This is a case brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.

2    § 1001 et seq., claiming breach of fiduciary duty.  In a mediation conducted by the Honorable Edward

3    A. Infante, Plaintiff and Defendants reached a settlement of the Action.  A Settlement Agreement dated

4    as of September 8, 2016 ("Settlement Agreement") was filed with the Court on January 9, 2017.

5    Presented to the Court for preliminary approval is a settlement of this Action.  The terms of the

6    settlement are set out in a Settlement Agreement dated as of September 8, 2016 (the "Settlement

7    Agreement").[1]

8    

9    The Court has considered the proposed settlement to determine, among other things, whether to

10   certify a class for settlement purposes and whether the settlement is sufficient to warrant the issuance of

11   notice to members of the Class.  Upon reviewing the Settlement Agreement and the Plaintiff's Motion

12   for Order Preliminarily Approving Settlement, Preliminarily Certifying a Settlement Class, Approving

13   Forms and Method of Notice, and Setting a Fairness Hearing (the "Motion"), it is hereby ORDERED,

14   ADJUDGED AND DECREED as follows:

15   

16   1.    **Class Findings:**   The Court preliminarily finds that the requirements of the

17   United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States

18   District Court for the Northern District of California, and any other applicable laws have been met as to

19   the "Class" defined below, in that:

---

1.  All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

No. 15-cv-03347-BLF                    ORDER PRELIMINARILY APPROVING
                                       SETTLEMENT, PRELIMINARILY CERTIFYING A
                                       SETTLEMENT CLASS, APPROVING FORMS AND
                                       METHODS OF NOTICE, AND SETTING A FAIRNESS
                                       HEARING

a.      The Class is cohesive and well defined.

b.      The members of the Class are ascertainable from records kept with respect to the Plans, and the members of the Class are so numerous that their joinder before the Court would be impracticable.

c.      Based on allegations in the Second Amended Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Class.

d.      Based on allegations in the Second Amended Complaint that the Defendants engaged in misconduct affecting members of the Class in a uniform manner, the Court finds that the claims of the Plaintiff are typical of the claims of the Class.

e.      The Plaintiff will fairly and adequately protect the interests of the Class in that (i) the interests of Plaintiff and the nature of his alleged claims are consistent with those of the members of the Class, (ii) there appear to be no conflicts between Plaintiff and the Class, and (iii) Plaintiff and the members of the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

f.      The prosecution of separate actions by individual members of the Class would create a risk of (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests.

2.      **Class Certification:**  Based on the findings set out in paragraph 1 above, the Court preliminarily certifies the following class (the "Class") for settlement purposes under Fed. R. Civ. P. 23(b)(1) and (2):  all Persons who were participants in or beneficiaries of the Plan from and after

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PRELIMINARILY CERTIFYING A
SETTLEMENT CLASS, APPROVING FORMS AND
METHODS OF NOTICE, AND SETTING A
FAIRNESS HEARING

KELLER ROHRBACK L.L.P.
3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012

September 1, 2012.  Excluded from the Class are (i) the Defendants; and (ii) any beneficiary of any Defendant.

3.  **Class Representation**:  The Court appoints Plaintiff as class representative for the Class, and Keller Rohrback L.L.P. as Counsel for the Class.

4.  **Preliminary Findings Regarding Proposed Settlement:**  The Court preliminarily finds that the proposed Settlement should be approved as (a) fair, reasonable and adequate, (b) the product of serious, informed, arm's-length, and non-collusive negotiations, (c) having no obvious deficiencies, (d) not improperly granting preferential treatment to Class representatives or segments of the Class, (e) falling within the range of possible approval, and (f) warranting notice to Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

5.  **Fairness Hearing:**  A hearing is scheduled for **June 15, 2017 at 1:30 p.m.** (the "Fairness Hearing") to determine, among other things:

a.  whether the Settlement should be approved as fair, reasonable and adequate;

b.  whether the Action should be dismissed with prejudice;

c.  whether the Notice and the means of disseminating same (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) constituted due, adequate and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

KELLER ROHRBACK L.L.P.
3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012

No. 15-cv-03347-BLF                          3                          ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY CERTIFYING A SETTLEMENT CLASS, APPROVING FORMS AND METHODS OF NOTICE, AND SETTING A FAIRNESS HEARING

d.      whether to enter a Final Approval Order as contemplated by the Settlement Agreement; and

e.      whether to award Class Counsel attorneys' fees and expense reimbursement to be paid from the Settlement Fund pursuant to an application to be filed by Class Counsel no later than thirty days prior to the Fairness Hearing

6.      **Notice to Class:**  The settling parties have presented to the Court a proposed form of Notice, which is appended hereto as Exhibit 1.  With respect to such form of Notice, the Court finds that such Notice fairly and adequately: (a) describes the terms and effect of the Settlement; (b) notifies the Class concerning the proposed plan of allocation described in the Notice; (c) notifies the Class that Class Counsel will request that the Court award attorneys' fees not to exceed 33% of the Settlement Amount plus reimbursement of expenses not to exceed $25,000; (d) gives notice with respect to the operation of the proposed Final Approval Order; (e) gives notice to the Class of the time and place of the Fairness Hearing; and (f) describes how the recipients of the Notice may object to approval of the Settlement.  The settling parties have proposed the following manner of disseminating the Notice to members of the Class, and the Court finds that such proposed manner of dissemination is the best notice practicable under the circumstances and directs that Class Counsel shall:

a.      Within seven business days of entry of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the settling parties and presented to the Court[2], to be mailed, by first-class mail, postage prepaid, to the last known address (as reflected in the records of Buckles Smith) of each Class member and the United States Department of Labor.

---

[2] At the Preliminary Approval Hearing, the Court directed the parties to make certain non-substantive modifications to the Notice and the parties agreed to do so.  The Court's approval of the Notice is conditioned on the parties making the changes specified on the record.

No. 15-cv-03347-BLF                                  4              ORDER PRELIMINARILY APPROVING
SETTLEMENT, PRELIMINARILY CERTIFYING A
SETTLEMENT CLASS, APPROVING FORMS AND
METHODS OF NOTICE, AND SETTING A
FAIRNESS HEARING

KELLER ROHRBACK L.L.P.
3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012

1    Buckles-Smith shall provide Class Counsel with the names and last known addresses of the members of

2    the Class.  To the extent email addresses are available for Class member, the Notice shall be provided by

3    email as well.  Class counsel shall also post the Notice on its website.

4           b.     By **May 1, 2017**, file with the Court and post on its website Class

5    Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses.

6           c.     By **May 1, 2017**, file with the Court and post on its website the motion for

7    final approval of the Settlement.

8           At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely

9    compliance with the foregoing mailing requirements.

10          7.     **Objections to Settlement:**   All of the following persons shall be referred to

11   herein as "Objectors": any member of the Class who objects to the fairness, reasonableness or adequacy

12   of the Settlement, to any term of the Settlement Agreement, to Class Counsel's Application for Award

13   of Attorneys' Fees and Reimbursement of Expenses, or to any provision of the proposed Final Approval

14   Order.  Any Objector must file with the Court a statement of his, her or its objection(s), specifying the

15   reason(s), if any, for each such objection made, including any legal support and/or evidence that such

16   Objector wishes to bring to the Court's attention or introduce in support of such objection.   Any

17   Objector who wishes to appear at the Fairness Hearing must indicate such intent in the objection filed

18   with the Court.  The Objector must also mail or fax the objection and all supporting law and/or evidence

19   to Class Counsel.  The addresses for filing objections with the Court and service on counsel are as

20   follows:

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PRELIMINARILY CERTIFYING A
SETTLEMENT CLASS, APPROVING FORMS AND
METHODS OF NOTICE, AND SETTING A
FAIRNESS HEARING

KELLER ROHRBACK L.L.P.
3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012

To the Court:

U.S. District Court, N.D. California, San Jose Division
280 S. First Street, Room 2112
San Jose, CA 95113
Attn: Clerk of the Court/Objections
Case 15-cv-03347-BLF, *Schwartz v. Cook*, Judge Beth Labson Freeman

To Class Counsel:

Gary A. Gotto, Esq.
Keller Rohrback LLP
3101 N. Central Ave., Suite 1400
Phoenix, AZ 85012
Fax: 602-230-6360

The Objector and his, her or its counsel (if any) must both effect service of the objection on counsel listed above and file it with the Court by **May 15, 2017**. Actual delivery or postmark by **May 15, 2017** shall be deemed timely. Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Class Counsel shall file a reply to all such objections no later than **June 5, 2017**.

       8.      **Appearance at Fairness Hearing:** Any Objector who files and serves a timely, written objection in accordance with paragraph 7 above may appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense.

       9.      **Notice Expenses:** Reasonable expenses incurred by Class Counsel in the preparation and mailing of the Notice shall be paid solely from the Settlement Fund (by reimbursement to Class Counsel from the Settlement Fund upon notice to Defendants' counsel), without further order of this Court.

ORDER PRELIMINARILY APPROVING
SETTLEMENT, PRELIMINARILY CERTIFYING A
SETTLEMENT CLASS, APPROVING FORMS AND
METHODS OF NOTICE, AND SETTING A
FAIRNESS HEARING

**KELLER ROHRBACK L.L.P.**
3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012

10. **Service of Papers:** Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

11. **Termination of Settlement:** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of September 7, 2016, (pursuant to the provisions of paragraph 8.4 of the Settlement Agreement), if the Settlement is terminated or does not reach the Effective Date under the terms of the Settlement Agreement. In such event, paragraph 8.4 of the Settlement Agreement shall govern the rights of the Parties.

12. **Use of Order:** Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed or used as an admission, concession or declaration by or against Plaintiff or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

Dated:  March 20, 2017

Honorable Beth Labson Freeman
United States District Judge

7                    ORDER PRELIMINARILY APPROVING
SETTLEMENT, PRELIMINARILY CERTIFYING A
SETTLEMENT CLASS, APPROVING FORMS AND
METHODS OF NOTICE, AND SETTING A
FAIRNESS HEARING

KELLER ROHRBACK L.L.P.
3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012

# **Exhibit 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| KRISTOPHER A. SCHWARTZ, | | |
| | Plaintiff, | No. 15-cv-03347-BLF |
| v. | | |
| ART COOK, ET AL., | | Judge:  Hon. Beth Labson Freeman |
| | Defendant. | |

**NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION LITIGATION, PROPOSED BAR ORDER, SETTLEMENT FAIRNESS HEARING, AND PROPOSED AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**TO:**

**ANY PERSON WHO WAS A PARTICIPANT IN OR BENEFICIARY OF THE BUCKLES-SMITH ELECTRIC COMPANY EMPLOYEE STOCK OWNERSHIP PLAN (THE "PLAN") AT ANY TIME FROM AND AFTER SEPTEMBER 1, 2012**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

**The Court has preliminarily approved a proposed settlement of a class action lawsuit brought under the Employee Retirement Income Security Act (the "Settlement").  The Settlement is with all of the defendants in the litigation.  The terms of the Settlement are contained in a Settlement Agreement dated as of September 8, 2016 (the "Settlement Agreement"), a copy of which is available by contacting Class Counsel identified below.  Capitalized terms used in this Notice and not defined herein have the meanings assigned to them in the Settlement Agreement.  The Settlement will provide for payments to the Plan and for allocation of those payments to the Class Members.  It is summarized below.**

**The Settlement provides for an injunction that will bar Class members from asserting certain claims against the Defendants.**

**The Court has scheduled a hearing to evaluate the fairness and adequacy of the Settlement, at which the Court will consider Plaintiffs' motion for final approval of the Settlement, and for an award of attorneys' fees and reimbursement of expenses.**

That hearing, before the Hon. Beth Labson Freeman, has been scheduled for _____, 2017, at ___.m. in Courtroom 3, of the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113.

Any objections to the settlement or to the potential award of attorneys' fees and expense reimbursement must be served in writing on Class Counsel and on counsel for all of the Defendants.  The procedure for objecting is described below.

This Notice contains summary information with respect to the Settlement.  The terms and conditions of the Settlement are set forth in the Settlement Agreement.  The Settlement Agreement is available from Class Counsel listed on Page 3 below.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS.  YOU ARE NOT BEING SUED IN THIS MATTER.  YOU NEED NOT APPEAR IN COURT, AND YOU NEED NOT HIRE AN ATTORNEY IN THIS CASE.  IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING.  IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

**Your Legal Rights and Options in the *Settlement*:**

| | |
|---|---|
| **You May Do Nothing.** **No Action is Necessary to Participate in the Settlement.** | If the Settlement is approved by the Court and you are a member of the Class, you do not need to do anything to participate in the Settlement.  If the Court grants final approval to the Settlement, you will receive notice thereof with further information regarding payment. |
| **You May Object** **(by _____, 2017)** | If you wish to object to any part of the Settlement or the requested attorneys' fees and costs you may (as discussed below) write to the Court and counsel about what you find objectionable. |
| **You May Attend the Hearing** **(to be held on _____, 2017)** | If you have submitted a written objection to the Court and counsel, you may (but do not have to) attend the Court hearing about Settlement and present your objections to the Court. |

■   These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

■   The Court in charge of this case still has to decide whether to grant final approval to the Settlement.  Payments will be made only if the Court grants final approval of the Settlement and that approval is upheld in the event of any appeals.

Further information regarding the litigation and this Notice may be obtained by

contacting Class Counsel:

Gary A. Gotto, Esq.
Keller Rohrback LLP
3101 N. Central Avenue, Suite 1400
Phoenix, AZ  85013
Phone:  (602) 248-0088
Email:  ggotto@kellerrohrback.com

| WHAT THIS NOTICE CONTAINS |
|---|

**Summary of Settlement** .......................................................................................................

1.   Why did I get this Notice package? ...............................................................

2.   What is the lawsuit about? ............................................................................

3.   Why is there a Settlement? ...........................................................................

4.   How do I know whether I am part of the Settlement? ...............................

5.   What does the Settlement provide? How much will I receive? .................

6.   How can I get a payment? .............................................................................

7.   When would I get my payment? ...................................................................

8.   Can I get out of the Settlement? ..................................................................

9.   Do I have a lawyer in the case? ....................................................................

10.   How will the lawyers be paid? .....................................................................

11.   How do I tell the Court if I don't like the Settlement? .............................

12.     When and where will the Court decide whether to approve
         the Settlement? ............................................................................

13.     Do I have to come to the hearing?  ...............................................

14.     May I speak at the hearing?  .........................................................

15.     What happens if I do nothing at all?  ...........................................

16.     How do I get more information? ...................................................

This litigation (the "Action") is a case that concerns allegations that defendants breached fiduciary duties they owed to the Buckles-Smith Electric Company Employee Stock Ownership Plan (the "Plan") and it participants.  Copies of the Second Amended Complaint (the "Complaint") and certain other documents filed in the Action are available from Class Counsel identified above.  The Plaintiff in the Action is Kristopher A. Schwartz.  The defendants in the Action ("Defendants") are Art Cook, Roger Stanger, Ronald Zimmerman, Buckles-Smith Electric Company, and Bankers Trust Company of South Dakota.

## SUMMARY OF SETTLEMENT

1.      A Gross Settlement Fund of $350,000 will be established to settle the Action.

2.      The net amount in the Settlement Fund, including interest, and after payment of any taxes and approved reserves, costs, fees, and expenses, will be allocated among the Class members based on their respective ending Plan stock account balances, as further described in Section 5 below.

3.      As a result of the Settlement, all Class members will be deemed to have released all Claims against all Defendants arising out of the allegations or facts in the Complaint, as further described in Section 5 below.

As with any litigation, Plaintiff would face an uncertain outcome if the Action were to continue against the Defendants.  Continued litigation of the Action could result in a judgment or verdict greater or lesser than the recovery under the Settlement Agreement, or in no recovery at all.  The Plaintiff has concluded that the Settlement is reasonable and that  it is in the best interests of the Class to accept the Settlement rather than face the risks associated with continued litigation of the Action.

Throughout this litigation, the Plaintiff and the Defendants have disagreed on both liability and damages.  The Defendants have denied and continue to deny the claims and contentions alleged by the Plaintiff.  Nevertheless, the Defendants have taken into account the uncertainty and risks inherent in any litigation and have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

**1.  Why did I get this Notice package?**

You or someone in your family is/are or may have been a participant in or beneficiary of the Plan.  The Court ordered that this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement.  If the Court grants final approval of the Settlement, and after any objections and appeals are resolved, and subject to certain conditions in the Settlement Agreement, a certain portion of the Settlement Fund may become available to be paid to the Plan and then allocated among the Plan accounts of Class members.  This Notice package describes this Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.  What is the lawsuit about?**

The Action claims that the Defendants were fiduciaries of the Plan and violated fiduciary duties under ERISA that they owed to the Plan and its participants.  The Complaint alleges that as a result of the fiduciary breaches, shares of Buckles-Smith Electric Company stock that had been held by the ESOP were redeemed during 2012-2014 at inadequate prices.

The Defendants deny that they breached any duty or took any wrongful actions in regards to the Plan and deny they have liability to the Plan or its participants or beneficiaries.  If the litigation were to continue, the Defendants would raise numerous defenses to liability, including that the transactions at issue are not subject to ERISA, that the prices paid to redeem shares were adequate and proper, that they did nothing wrong in terminating the Plan, and that they fully performed all fiduciary duties imposed on them by ERISA.

### 3.  Why is there a Settlement?

This Settlement is the product of extensive, arm's-length negotiations between Class Counsel and the Defendants' counsel, including the services of an experienced mediator.  The Court has not reached any final decisions on the merits of Plaintiff's claims against the Defendants.  Instead, the Plaintiff and the Defendants have agreed to a settlement to end the lawsuit.  In reaching the Settlement, they have avoided the cost and time of a trial.  As with any litigation, the Plaintiff would face an uncertain outcome if this case went to trial.  On the one hand, pursuing the case against the Defendants could result in a verdict greater than this Settlement.  On the other hand, continuing the case against the Defendants could result in a verdict for less money than Plaintiff has obtained in this Settlement, or even no recovery at all. Based on these factors, the Plaintiff and his attorneys believe the Settlement is in the best interests of all Class members. Additional information concerning the Settlement and these factors is available in the motion for preliminary approval of the Settlement Agreement, which may be obtained from Class Counsel identified above.

**4.  How do I know whether I am part of the Settlement?**

United States District Judge Beth Labson Freeman has preliminarily certified that this Settlement shall proceed on behalf of a Class defined as follows:  all Persons who were participants in or beneficiaries of the Plan from and after September 1, 2012, other than any Defendant or any beneficiary of any Defendant.

If you are a Class Member, your share of the Net Settlement Fund, if any, will be determined as described in Section 5 below.

**5.  What does the Settlement provide?  How Much Will I Receive?**

A Settlement Fund consisting of $350,000 will be established to settle the Action.  The Settlement Agreement provides that certain costs of notice and allocation of proceeds will be paid from the Settlement Fund.  In addition, Class Counsel will petition the Court for an award of attorneys' fees (not to exceed 33% of the gross Settlement Fund) plus reimbursement of expenses (not to exceed $25,000), which amounts if awarded will be paid from the Settlement Fund.  After payment of these amounts and any applicable taxes, the net amount in the Settlement Fund will be allocated among the members of the Class.  Each Class member's allocable share shall be a percentage derived by dividing (i) such Class member's Plan stock account balance at the date of the Plan termination (June 16, 2014), or, as to any Class member who terminated service with Buckles Smith prior to June 16, 2014, at the date of termination, by (ii) the total of all Class members' stock account balances at the date of the Plan termination, June 16, 2014, or, as to any Class member who terminated service with Buckles Smith prior to June 16, 2014, at the date of termination.

All Class members are deemed to fully release the Defendants from "Class Released Claims." Class Released Claims are defined as any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs, whether known or unknown, that were brought or could have been brought as of the date of the Fairness Hearing by Plaintiff arising out of the allegations or facts contained in the Second Amended Complaint or in any other Complaint filed in the Action, including but not limited to claims related to the termination of the Plan. Class Released Claims are not intended to include the release of any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement. It is a condition to the effectiveness of the Settlement that the Court's Final Approval Order enjoin Class members from bringing any Class Released Claims in the future.

The Settlement Agreement may be terminated on several grounds, including if the Court does not approve or modifies the Settlement. Should the Settlement Agreement be terminated, the Settlement will be terminated, and the Action will proceed as if the Settlement had not been reached.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement (including its exhibits), which may be obtained by contacting Class Counsel listed at (602) 248-0088.

## 6.  How can I get a payment?

You do <u>not</u> need to file a claim for recovery. If you are a Class member entitled to a share of the Net Settlement Fund and if the Settlement is approved by the Court, your Allocable

Share of the Net Settlement Fund will be allocated to you and paid out as you specify at a later date.

## 7.  When would I get my payment?

Payment is conditioned on several matters, including the Court's approval of the Settlement and such approval becoming final and no longer subject to any appeals to any court. Subject to these limitations, and upon satisfaction of various conditions, the Net Settlement Fund will be allocated among members of the Settlement Class as described in the Section 5 above as soon as possible after final approval has been obtained for the Settlement (which includes affirmation on appeal, if any)  Any appeal of the final approval could take one or more years.

## 8.  Can I get out of the Settlement?

You do not have the right to exclude yourself from the Settlement.  The Settlement is conditioned upon the Court certifying the Action under Federal Rule of Civil Procedure 23(b)(1) and (2) as a non "opt-out" class action.  This is consistent with ERISA, which provides that breach of fiduciary duty claims under ERISA may be brought by participants on behalf of ERISA plans, and any judgment or resolution necessarily applies to all plan participants and beneficiaries.  Thus, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement.  As a Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were asserted in the Action or otherwise included in the release under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it.  See Section 11, below.

## 9.  Do I have a lawyer in the case?

The Court has appointed the law firm of Keller Rohrback, LLP, located in Seattle, Washington and Phoenix, Arizona, as Class Counsel in the Action.  You will not be charged directly by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10.  How will the lawyers be paid?

Class Counsel will request that the Court award attorneys' fees not to exceed 33% of the Settlement Fund ($116,666), plus reimbursement of expenses not to exceed $25,000.  Class Counsel will file an application with the Court for an award of attorneys' fees and expenses no later than thirty days prior to the Fairness Hearing, and this application can be obtained from Class Counsel.  The following section sets forth instructions if you wish to tell the Court that you do not agree with any part of the Settlement or with the proposed award of attorneys' fees and expenses.

## 11.  How do I tell the Court that I don't like the Settlement?

If you are a Class Member, you can object to the Settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  **You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.**

To object, you must send a letter or other written statement saying that you object to the Settlement in *Schwartz v. Cook, et al.,* United States District Court for the Northern District of California, San Jose Division, No. 15-cv-03347-BLF.  Be sure to include your name, address, telephone number, signature, and a full explanation of all of the reasons for your objection. **Your written objection must be filed with the Court, and mailed to the counsel listed below no later than _____, 2017, at the following addresses**:

**Clerk of the Court:**

Clerk's Office
Second Floor
RM 2112
United States Courthouse
280 South First St.
San Jose, CA  95113

**Class Counsel and Defendants' Counsel:**

| | |
|---|---|
| Gary A. Gotto | R. Bradford Huss |
| KELLER ROHRBACK L.L.P. | TRUCKER HUSS, APC |
| 3101 N. Central Ave., Ste 1400 | One Embarcadero Center, 12th Floor |
| Phoenix, AZ  85012 | San Francisco, CA 94111 |
| *Plaintiffs' Class Counsel* | *Counsel to Defendant Bankers Trust Company of South Dakota* |

:
Gregory O'Hara, Esq.
Lauren M. Michals, Esq.
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
415-984-8300

*Counsel for Defendants Art Cook, Roger Stanger, Ronald Zimmerman and Buckles-Smith Electric Company*

**12.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at _____.m. on _____, 2017, at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South First Street, San Jose, California, 95113, in Courtroom 3.  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  After the Fairness Hearing, the Court will decide whether to grant final approval of the Settlement.  The Court will also rule on the motions for attorneys' fees and expenses.  It is uncertain how long it will take the Court to issue these decisions.  The date of the Fairness Hearing may change without further notice.  Class Members are advised to check www.KellerSettlements.com or the Court's PACER website (see Section 16 below) to confirm that the date has not changed.

## 13.  Do I have to come to the hearing?

No.  Class Counsel will answer questions the Court might have.  But you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, it will be considered by the Court when the Court considers whether to approve the Settlement as fair, reasonable and adequate.  You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

## 14. May I speak at the hearing?

If you are a Settlement Class member, you may ask the Court for permission to speak at the Fairness Hearing.

| 15.  What happens if I do nothing at all? |
|---|

If you do nothing and you are a member of the Class, you will participate in the Settlement of the Action as described above in this Notice if the Settlement is granted final approval.

| 16.  How do I get more information? |
|---|

This Notice summarizes the proposed Settlement.  The complete settlement is set forth in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by contacting Class Counsel listed at Page 3 above.   You may review the Court's docket and the documents filed in this Action on-line or in person.  To access materials online, you must first register at www.pacer.gov and then navigate www.cand.uscourts.gov/cm/ecf.  To access materials personally, visit the Clerk's Office, 16th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  The case number for the Action is 15-cv-03347-BLF.  In addition, this Notice, the Court's Preliminary Approval Order, the Motion for Final Approval of the Settlement, and Class Counsel's Application for Award of Attorneys' Fees and Reimbursement of Expenses will be available at www.KellerSettlements.com.