UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| KRISTOPHER A. SCHWARTZ,<br><br>Plaintiff,<br><br>v.<br><br>ART COOK, ET AL.<br><br>Defendant,<br><br>*and*<br><br>BUCKLES-SMITH ELECTRIC COMPANY EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Nominal Defendant. | No. 15-cv-03347-BLF<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>Judge: Hon. Beth Labson Freeman<br><br>Complaint Filed: July 20, 2015<br>Trial Date: September 25, 2017 |

This is a case brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, claiming breach of fiduciary duty. In a mediation conducted by the Honorable Edward A. Infante on September 8, 2016, Plaintiff and Defendants reached a settlement of the Action. A Settlement Agreement dated as of September 8, 2016 and fully executed on January 6, 2017 ("Settlement Agreement") was filed with the Court on January 9, 2017. *See* ECF No. 116-1. Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and Class Counsel's Motion for an Award of Attorneys' Fees and Costs (collectively, the "Motions").[1]

On March 20, 2017, the Court entered its Order Preliminarily Approving Settlement, Preliminarily Certifying a Settlement Class, Approving Forms and Methods of Notice, and Setting a Fairness Hearing ("Preliminary Approval Order"). ECF No. 125. The Court has received declarations attesting to the mailing of the Notice in accordance with the Preliminary Approval Order. A hearing was held on June 15, 2017 (the "Fairness Hearing") (i) to determine whether to grant the Final Approval Motion; (ii) to determine whether to grant Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; and (iii) to rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all members of the Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2. In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Class has been given proper and adequate notice of the Settlement, the Fairness Hearing, and the Motion, such notice having been carried out in accordance with the Preliminary Approval Order. The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's

---

[1] All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

Preliminary Approval Order (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the proposed Settlement, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

3. The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the strengths and weaknesses of their respective positions. The Settlement was reached in the course of a mediation conducted by a former United States Magistrate Judge. Class Counsel and counsel for Defendants were therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

4. The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the Class and others whom it affects based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the Settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) the limited number of objections made to the proposed Settlement; (f) the fact that the Settlement is the product of arm's-length negotiations as opposed to collusive bargaining; and (g) the fact that it is consistent with the public interest.

5. The Final Approval Motion is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate to members of the Class, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

6. The allocation of the Net Settlement Fund as provided for in Section 8.3 of the Settlement Agreement is hereby APPROVED as fair, adequate, and reasonable. Upon this Order becoming Final, and pursuant to the provisions of the Settlement Agreement, the Net Settlement Fund shall be disbursed to the Plan for allocation to the Plan accounts of the members of the Class.

7. Class Counsel's Motion for an Award of Attorneys' Fees and Costs is GRANTED. The Court finds that pursuant to the common fund doctrine, Class Counsel is entitled to fees totaling $115,500 (which represents 33% of the Settlement Amount), and $25,000 in expenses incurred by Class Counsel in prosecuting this Action. The Court finds these fees and costs are eminently fair and reasonable in light of the facts of this case. The Court further finds these fees to be reasonable and appropriate under both the percentage-of-the-recovery method and the lodestar method, both of which are appropriate measures to evaluate fees in the Ninth Circuit.

8. The Court retains jurisdiction over the Action and the Parties for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment.

9. Plaintiff and all members of the Class, on behalf of themselves and the Class, and their personal representatives, heirs, executors, administrators, trustees, successors, and assigns, with respect to each and every Class Released Claim, fully, finally and forever release, relinquish and discharge, and are forever enjoined from prosecuting, any Class Released Claim against any Defendant.

10. The releases provided for in Section 4 of the Settlement Agreement are approved in all respects.

11. By operation of this Judgment and as provided for in Section 4.1 of the Settlement Agreement, all Class members are permanently barred, enjoined and restrained from commencing, prosecuting or asserting, either derivatively or on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any Class Released Claims

against any of the Defendants in any forum, action or proceeding of any kind. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance, validity, interpretation, administration, enforcement or enforceability of this bar order.

12. By operation of this Judgment and as provided for in Section 4.2 of the Settlement Agreement, Defendants and Plaintiff are barred and permanently enjoined from bringing against each other, either derivatively or on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, (i) any claim arising out of the facts currently in existence, or (ii) any and such claims, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or non-contingent, whether or not concealed or hidden, which now exist, or hereto have existed. However, any release between Plaintiff and Defendants shall not apply to any claims for indemnification by Bankers Trust Company of South Dakota against Buckles-Smith. The entry of the bars, injunctions and related provisions set forth in paragraphs 10 and 11 are fair to the Plaintiff, the Defendants and all Class members.

13. Upon this Order and Final Judgment becoming Final, this Action is DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement. In addition, the Plaintiff and the members of the Class shall be deemed to have, and by operation of this Order And Final Judgment shall have, fully, finally, and forever released, and are forever enjoined from prosecuting, any and all Class Released Claims. However, in the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated *nunc pro tunc*, and paragraph 8.4 of the Settlement Agreement shall govern the rights of the Parties.

There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed.

Dated this _____ day of _____, 2017.

_____
Honorable Beth Labson Freeman
United States District Judge